IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KAORI UKAI,                               )     CIVIL NO.  06-00237 JMS/KSC
                                          )
              Plaintiff,                  )
                                          )
       vs.                                )     ORDER DENYING DEFENDANTS'
                                          )     MOTION TO DISMISS AND
NOBERSON FLEURVIL and SWIFT               )     TRANSFERRING CASE
TRANSPORTATION CO., INC.,                 )
                                          )
              Defendants.                 )
_____            )

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
TRANSFERRING CASE

I. INTRODUCTION

Currently before this court is Defendants Noberson Fleurvil[1] and

Swift Transportation Company's Motion to Dismiss Plaintiff Kaori Ukai's First

---

[1] There appears to be some confusion as to Fleurvil's given and surname.  Ukai has referred to him as Mr. Fleuril Noberson, Mr. Fleuruil Noberson, and Mr. Fleurvil Noberson.  *See* Compl. ¶ 5; First Am. Compl. ¶ 4; Pl.'s  Mem. in Opp. to Defs'. Mot. to Dismiss First Am. Compl. 2.  In turn, Fleurvil and Swift Co. noted that Ukai incorrectly identified Fleurvil in all of the foregoing instances, and that the correct spelling was "Mr. Noberson Fleurvil" (a spelling that the court notes is consistent with the police accident report which also lists the name on Fleurvil's driver's license "Noberson Fleurvil").  The clarification was short-lived as defense counsel then proceeded to use alternate spellings, including Mr. Noberson Fleurvil, Mr. Noberson Fleuril, and Mr. Fleuril Noberson. *Compare* Defs'. Mot. to Dismiss First Am. Compl. 1 *with* Defs'. Mem. in Support of Mot. to Dismiss First Am. Compl. Caption *and* Defs'. Reply Regarding Mot. to Dismiss First Am. Compl. Caption.  Adding to the confusion is Fleurvil's Declaration entitled "Declaration of Noberson Fleurvil" with the signature line reading "Noberson Fleurvil," but with the signature clause reading "I, Fleurvil Noberson . . . ." and the signature itself reading "Fleurvil Noberson."  *See* Decl. of Noberson Fleurvil 1-2.

Amended Complaint for lack of personal jurisdiction.  The court DENIES the

Defendants' Motion to Dismiss and TRANSFERS this matter to the United States

District Court for the Eastern District of New York.

## II.  BACKGROUND

Plaintiff Kaori Ukai ("Ukai") brings this action against Defendants

Noberson Fleurvil ("Fleurvil") and Swift Transportation Company ("Swift Co.")

for damages allegedly resulting from a May 1, 2003 car accident between Ukai

and Fleurvil on the Van Wyck Expressway off-ramp near Grand Central Parkway

in the State of New York.

Ukai is a resident of the State of Hawaii.  Fleurvil is a resident of the

State of New York[2] who has never lived or had business dealings in -- and indeed

has never even visited -- the State of Hawaii.  Fleurvil's employer, Swift Co., is a

Nevada Corporation with subsidiaries based in various locations and employees

based in New York.  However, Swift Co. "does not do business in the State of

_____

[2] In addition to the confusion regarding Fleurvil's name, discussed *supra* note 1, there also is confusion over the state of his citizenship.  In the Complaint and First Amended Complaint, Ukai claims that Fleurvil resides in Tennessee.  This is supported by the police accident report completed at the accident scene which lists a Tennessee address for Fleurvil.  However, Fleurvil asserts that he resides in Brooklyn, New York and did so at the time of the accident.  It thus appears that although Fleurvil once resided in Tennessee, at the time of the accident he was a resident of New York.  In the context of the court's instant discussion regarding personal jurisdiction, it is ultimately irrelevant whether Fleurvil lives in Tennessee or New York; what matters to the court is the agreed-upon fact that Fleurvil does not live in Hawaii.

Hawaii and has no employees, offices, or other contact with the people or State of

Hawaii." Decl. of James F. Mahoney ¶ 4.

Ukai filed a Complaint alleging one count each of "common law

negligence" and "negligent training, supervision and/or hiring" against Fleurvil

and Swift Co. on April 28, 2006 and filed a First Amended Complaint on June 22,

2006. Ukai asserts that subject matter jurisdiction is proper pursuant to 28 U.S.C.

§ 1332 because the parties remaining in the suit are diverse[3] and that venue is

proper pursuant to 28 U.S.C. § 1391(a) because Ukai received a substantial

portion of her medical treatment in Hawaii.

On September 15, 2006, Fleurvil and Swift Co. moved this court to

dismiss Ukai's claims on the grounds that neither Fleurvil or Swift Co. had contact

with the State of Hawaii sufficient to subject them to the personal jurisdiction of

this court. Ukai filed a Memorandum in Opposition to the Defendants' Motion to

Dismiss on October 10, 2005, arguing that personal jurisdiction over Fleurvil and

Swift Co. exists and, in the alternative, that the interests of justice require a

transfer of the case rather than a dismissal. Fleurvil and Swift Co. filed their

---

[3] Ukai's original Complaint included Defendant Mark Mello, a resident of the State of Washington, and non-diverse Defendant Nicholas Valter, a resident of the State of Hawaii. On June 21, 2006, pursuant to Federal Rule of Civil Procedure 41(a)(1)(I), Ukai dismissed her Complaint without prejudice as to Defendants Valter and Mello, thereby establishing federal diversity jurisdiction as between Ukai and Fleurvil and Swift Co.

Reply on October 12, 2006.  The court heard oral arguments on the motion on October 23, 2006.

The court finds that it does not have personal jurisdiction over Fleurvil and Swift Co. and that the interests of justice require a transfer to the United States District Court for the Eastern District of New York rather than a dismissal of the claim.

## III.  <u>ANALYSIS</u>

A.          <u>This court lacks personal jurisdiction over Fleurvil and Swift Co.</u>

The court lacks personal jurisdiction over Fleurvil and Swift Co. with respect to the subject matter contained in Ukai's Complaint.  As a preliminary matter, the court notes that Ukai bears the burden of establishing that the court has personal jurisdiction over Fleurvil and Swift Co.  *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.  1990); *Television Events & Marketing, Inc. v. AMCON Distributing Co.*, 416 F. Supp. 2d 948, 956-57 (D.  Haw.  2006); *Alvarez v. Aircraft Modular Prods., Inc.*, 949 F. Supp. 1470, 1472 (D.  Haw.  1996).

To exercise personal jurisdiction over a defendant, a court must have the statutory authority to do so and must act within the boundaries of the Constitution.  In a diversity case, the court looks to the forum state's long-arm statute to determine to what extent the court may exert jurisdiction over non-

resident defendants.  *See Pure, Ltd. v. Shasta Beverages, Inc.,* 691 F. Supp. 1274, 1277 (D. Haw. 1988).  Hawaii's long-arm statute grants personal jurisdiction for causes of action arising from "the transaction of any business within this State" or "the commission of a tortious act within this State."  Hawaii  Revised  Statute § 634-35.  As such, Hawaii's long-arm statute reaches to the full extent permitted by the Constitution.  *Cowan v. First Ins. Co.*, 61 Haw. 644, 649 n.4, 608 P.2d 394, 399 n.4 (1980).  Thus, this court need only decide whether federal constitutional due process principles permit the exercise of personal jurisdiction over the Defendants.

Federal due process principles require Ukai to demonstrate that (1) the Defendants purposefully availed themselves of the forum state in such a way that they invoked the benefit and protection of Hawaii laws; (2) the cause of action at issue arose from the Defendants' contacts with Hawaii; and (3) the exercise of jurisdiction over the Defendants comports with reasonable notions of fair play and justice.  *Reebok Int'l, Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995).  Ukai has failed to make this required showing.

As previously discussed, Fleurvil asserts that he is a resident of the State of New York who has never visited the State of Hawaii, let alone lived or conducted business here.  Similarly, Swift Co. asserts that it is a Nevada

Corporation which does not employ any persons, rent office space, conduct business in, or otherwise have contact with the State of Hawaii.

In response to Fleurvil and Swift Co.'s assertions, Ukai fails to allege any single fact tending to show that either Fleurvil or Swift Co. availed themselves of the benefits and protections of Hawaii law by engaging in any forum-related activity such as transacting business with Hawaii residents or directing their activities towards Hawaii. Moreover, the State of Hawaii does not have any vested interest or close nexus with a car accident in New York, the primary event underlying Ukai's claim. Finally, Ukai fails to allege any facts which would suggest that Fleurvil and Swift Co. could reasonably anticipate being sued in Hawaii.

Instead, Ukai argues that Defendants are subject to personal jurisdiction under Hawaii's long arm statutes solely because Fleurvil and Swift Co. allegedly committed a tortious act against a Hawaii resident.[4] The court rejects this suggestion as a virtually limitless expansion of personal jurisdiction

---

[4] Ukai also argues that personal jurisdiction exists because she received her medical care in Hawaii, the State where both she and her treating physicians reside. In making these arguments, Ukai appears to have confused the issues of personal jurisdiction and venue: arguments regarding the presence and convenience of witnesses apply to the determination of venue and do not implicate the matter of personal jurisdiction. The existence of contacts between Fleurvil and Swift Co. and Hawaii is the essential criterion for the court's jurisdiction; the presence of Ukai's witnesses in the forum state is entirely irrelevant to the court's power to bind the litigants before it.

which ignores all federal due process tenets and, if accepted, would have non-resident defendants before Hawaii courts in any case where the victim was a Hawaii resident. *See Norris v. Six Flags Theme Parks, Inc.*, 102 Haw. 203, 210, 74 P.3d 26, 33 (2003) (finding that the Hawaii courts lacked personal jurisdiction where the Hawaii plaintiff's accident and injury had occurred in California but plaintiff's treatment had occurred in Hawaii); *Kailieha v. Hayes*, 56 Haw. 306, 313, 536 P.2d 568, 573 (1975) (finding it "fundamentally unfair and offensive to all traditional notions of fair play and substantial justice to compel the [defendant] to defend against a suit in the courts of Hawaii, simply by reason of an isolated encounter in Virginia with a resident of Hawaii.").

Given the foregoing discussion, Ukai has utterly failed to establish that this court has personal jurisdiction over Fleurvil and Swift Co. Thus, the only matter left for the court to consider is whether to dismiss the present action or transfer it to another court.

B.      This court transfers venue to the United States District Court for the Eastern District of New York

The court determines that it is in the interest of justice to transfer venue from the District of Hawaii to the Eastern District of New York under 28 U.S.C. § 1406(a). The court first concludes that venue is improper in the District of Hawaii and, as such, 28 U.S.C. § 1406(a) -- and not § 1404(a) -- applies.

Second, the court finds that it is in the interest of justice to transfer rather than dismiss the action.

### 1.     The court transfers venue under 28 U.S.C. § 1406(a) because venue in Hawaii is improper

The court must decide whether 28 U.S.C. § 1404(a) (the forum convenience transfer statute) or 28 U.S.C. § 1406(a) (the improper venue statute) applies to the present transfer question.[5]  Generally speaking, § 1404(a) operates on the premise that a plaintiff has correctly exercised her venue privilege when filing suit; in contrast, § 1406(a) provides for transfer from forums in which venue has been wrongly or improperly laid.  *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1212 (D. Haw. 2002) ("Section 1404(a) generally applies when the transferor court is a proper venue for the action, while § 1406(a) is generally relied on when venue is not proper in the forum where a plaintiff originally filed suit.").  The court determines that venue in Hawaii is improper and

---

[5]  The question of whether to apply § 1404(a) or §1406(a) is relevant to a number of subsequent legal issues (including waiver, dismissal, and application of substantive law).  Under a § 1406(a) transfer, the transferee court applies its own substantive law, including choice of law rules and statute of limitation determinations.  *See Tel-Phonic Services, Inc. v. TBS Int'l., Inc.*, 975 F.2d 1134, 1141 (5th Cir. 1992);  *Froelich v. Petrelli*, 472 F. Supp. 756, 760 n.5 (D. Haw. 1979).  In contrast, following the transfer of a diversity case pursuant to § 1404(a), the transferee court applies the substantive law of the transferor state.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990).

thus exercises its venue transfer power under § 1406(a).[6]

Under the general venue statute applicable to federal diversity cases, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[7]  28 U.S.C. § 1391(a)(2).  Substantiality is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(a)(2), "*significant* events or *omissions* material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).  To determine substantiality, the court looks to "the entire sequence of events underlying the claim," *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001), and focuses on the defendants' (rather than the plaintiff's) actions.  *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72

---

[6]  The court also notes that even if it did have proper venue under the applicable federal general venue statute, it would nonetheless transfer the underlying case under § 1404(a) in order to cure the procedural defect of the lack of personal jurisdiction.

[7]  The other statutory bases of venue, including "a judicial district where any defendant resides, if all defendants reside in the same State" or "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought" do not apply to the discussion regarding whether venue in Hawaii is proper since, as discussed *supra* Part III.A, Fleurvil and Swift Co. are not subject to personal jurisdiction in Hawaii and, as discussed *infra* Part III.B.3, the action could have been originally brought in the United States District Court for the Eastern District of New York.  28 U.S.C. §§ 1391(a)(1), (3).

(11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

Ukai argues that venue is proper because a substantial portion of her medical care resulting from the accident occurred in Hawaii. The court rejects this argument. There is a fundamental difference between the "events giving rise to the claim" and those events which take place later and are designed to treat, address, correct, or make right the suffered harm. In the first category are the incidents leading up to an event, the occurrence of the event, and the direct consequences of the event itself. In the latter category are independent steps taken after the occurrence of the event which, while even if undeniably resulting from the event, are a response to -- rather than a part of -- the event itself.

In the present case, the substantial events giving rise to Ukai's claim are the progression of acts underlying the elements of her claim, including the allegedly negligent hiring, training, and conduct of Fleurvil and Swift Co.; the traffic accident in the State of New York; and the injurious consequences of the accident. None of these events or occurrences took place in the State of Hawaii. Under the facts of the case before the court, the medical care Ukai received in Hawaii was designed to treat or address the harm resulting from the accident and as such *followed* the events underlying the claim. *See, e.g., Norris v. Six Flags Theme Parks, Inc.*, 102 Haw. 203, 210, 74 P.3d 26, 33 (2003) (noting for the

purposes of determining personal jurisdiction that the plaintiff's accident and the resulting injury occurred in California whereas the plaintiff's treatment, including a hospital stay and surgery, took place in Hawaii).  The court finds that Ukai's medical care does not constitute "a substantial part of the events" giving rise to Ukai's claims and that Hawaii is not a proper venue under § 1391(a)(2).[8]

> ## 2.   It is in the interest of justice to transfer rather than dismiss the present action

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).   The plain statutory language of 28 U.S.C. § 1406(a) instructs the court to determine whether the "interest of justice" requires a transfer rather than a dismissal of the present action.  Here, the parties both agree that the applicable statute of limitations in New York would prevent Ukai from re-filing her current claim at this time.  Dismissing this case would therefore permanently bar Ukai from seeking recovery for damages allegedly stemming from the accident.  Section 1406(a) was enacted to enable the court, at its discretion, to avoid working precisely the type of unjust and harsh consequence that would

---

[8]  Even if venue were technically correct under the applicable venue statute, because the lack of personal jurisdiction prevents the court from considering the claim, the court has authority to transfer venue under § 1406(a).

result from a dismissal of Ukai's claim due to the procedural defects in her filing. *See Goldlaw, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (noting that § 1406(a) was enacted to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."). On the other hand, transferring the case allows Ukai to proceed with her claims. *Goldlaw, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) ("The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.").

Where dismissal would bar redress and procedural errors would act as justice-defeating mechanisms rather than rules to promote the expeditious adjudication of claims on their merits, the preferred disposition is to transfer the action. *See Burnett v. New York Central Railroad* Co., 380 U.S. 424, 430 (1965) (Section 1406(a) prevents "the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run."); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("[T]he transfer of [the] action, when the statute of limitations has run, is in the interest of justice."); *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983) ("Transfer is particularly appropriate where . . . without a transfer the

cause of action would be barred by the running of the applicable statute of limitations."); *Froelich v. Petrelli*, 472 F. Supp. 756, 760 (D. Haw. 1979) (dismissing due to lack of jurisdiction in Hawaii and declining to transfer venue to California because transfer would be futile since the California statute of limitations had run prior to the filing of the claim but noting that "[i]f this suit had been filed [in Hawaii] before the California statute of limitations had run, I would conclude that a transfer would be proper . . . .").  On the other hand, dismissal may be appropriate -- even where doing so would forever bar a plaintiff's relief -- where the court finds that the plaintiff is harassing the defendants, acting in bad faith or blatantly forum shopping; where the plaintiff's action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992); *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983); *Dela Cruz v. Grandinette*, 2006 WL 939008 *2 (D. Haw. April 6, 2006); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979).  Here, the court finds no evidence that Ukai was engaging in forum shopping, acting in bad faith, harassing Defendants, or filing a frivolous action.  Moreover, transfer of the action would not be futile as it would allow a court in the proper district to adjudicate Ukai's claims.

The court therefore finds that the most efficient and just alternative is

to exercise its discretion under 28 U.S.C. § 1406(a) and remedy the procedural defects in Ukai's action by transferring the matter. The final question is whether the Eastern District of New York is the proper transferee forum.

### 3.    The United States District Court for the Eastern District of New York meets the procedural prerequisites to receive transfer

The court may transfer a matter only to a transferee court in which the action "could have been brought" in the original instance. 28 U.S.C. § 1406(a). Thus, the receiving or transferee court must (1) have proper subject matter jurisdiction; (2) proper venue; and (3) the defendants must be subject to personal jurisdiction and amenable to service of process in that district. *See, e.g.*, *Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 780 (9th Cir. 1950) (interpreting similar language contained in 28 U.S.C. § 1404(a)).

In the present case, transfer to the United States District Court for the Eastern District of New York is procedurally proper. First, the receiving district court has federal diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Second, venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 both because Fleurvil resides within the district and because the accident --

the event giving rise to the claim -- occurred there.[9]  Third, the Eastern District of New York has personal jurisdiction over Fleurvil and Swift Co. because Fleurvil resides in New York and Swift Co. availed itself to the benefits and protections of the forum by basing employees and doing business in the State of New York. Finally, both parties have agreed through a joint stipulation to effectuate transfer of the present action to the Eastern District of New York.[10]   As such, the court therefore finds that venue is proper within the United States District Court for the Eastern District of New York.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

---

[9]  As discussed previously, the court finds that Fleurvil resides in Brooklyn, New York. *See* discussion *supra* note 2.  The accident took place on the Van Wyck Expressway off-ramp near Grand Central Parkway, which apparently is within the Queens borough.  Both Brooklyn (Kings County) and Queens fall within the Eastern District of New York.

[10]  The stipulation that the parties entered into to transfer venue to the Eastern District of New York did not waive any objections the parties may have regarding the court's ruling on the Defendants' Motion to Dismiss.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, this court DENIES the Defendants' Motion to Dismiss and TRANSFERS this matter to the United States District Court for the Eastern District of New York.  The Clerk of Court is directed to CLOSE the case file in this District.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2006.



_____
J. Michael Seabright
United States District Judge

*Ukai v. Fleurvil*, Civ. No. 06-00237 JMS/KSC, Order Denying Defendants' Motion to Dismiss and Transferring Case